IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE ALESHIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 7367 |
| v. | ) | |
| | ) | Judge St. Eve |
| HARRIS N.A., | ) | Magistrate Ashman |
| | ) | |
| Defendant. | ) | |

### HARRIS N.A'S RESPONSE TO PLAINTIFF'S
### MOTION FOR LEAVE TO TAKE DEPOSITION

Harris N.A. ("*Harris*") by and through its attorneys, Chapman and Cutler LLP, submits this Response to Plaintiff Suzanne Aleshire's ("*Plaintiff*") Motion for Leave to Take Deposition ("*Motion*") and states as follows:

#### INTRODUCTION

In her Motion, Plaintiff seeks an order granting leave to depose an unidentified employee of TransUnion. Remarkably, Plaintiff's Motion seeks this Court's preapproval for a deposition despite not having ever provided notice for such a deposition that identifies either the deponent or, alternatively, the particular topics that she intends to cover for the deposition of a corporate designee of TransUnion. As set forth below, even if this Motion were not an inappropriate request for an advisory ruling, the Motion must fail because the requested deposition has no relevance to the single claim pending before this Court, but represents an improper attempt by Plaintiff to conduct discovery as to claims that have already been dismissed. Further, to the extent Plaintiff's Motion relies on the Subpoena served on TransUnion that was the subject of

Harris' earlier-filed motion to quash ("*Motion to Quash*")[1], Plaintiff's Motion must also be denied based on the deficiencies contained in the Subpoena as set forth in Harris' Motion to Quash.

### FACTS

Plaintiff obtained five (5) mortgage loans from Villa Park Bank, which was acquired by Harris in December 2005. Each of the five loan agreements expressly permits Harris to request and obtain Plaintiff's credit report "at any time, at [Harris'] sole option and expense, [and] for any reason." In Count II of Plaintiff's Second Amended Complaint—the only Count this Court has thus far not dismissed—Plaintiff alleges that Harris violated the Fair Credit Reporting Act ("*FCRA*") for purportedly reviewing her credit report in May 2009 without her written consent or a permissible purpose. Significantly, there is no dispute that Harris reviewed Plaintiff's credit report. Rather, the only issue remaining in this case is a very narrow one: whether the loan agreements provide Harris with written approval and/or whether Harris had a permissible purpose under the FCRA to review Plaintiff's credit in May 2009.

Plaintiff filed her original Complaint against Harris on December 24, 2008 in which she asserted various claims based on the allegation that inaccurate information about her loans had been furnished to credit bureaus in 2006. After Harris filed a motion to dismiss the Complaint, this Court granted Plaintiff's motion for leave to file an amended complaint, which Plaintiff then filed on June 3, 2009. The First Amended Complaint included claims that were set forth in the original Complaint relating to the purported inaccuracies in her credit report, but also added a new unrelated claim based on Harris' review of her credit that had occurred just one month earlier in May 2009.

---

[1]   A copy of Harris' Motion to Quash is attached hereto as Exhibit 1.

In response, Harris filed its motion to dismiss the First Amended Complaint on July 8, 2009. On October 27, 2009, this Court entered an Order dismissing all of the Counts in Plaintiff's Amended Complaint relating to the purported inaccuracies that had existed in her credit report and only left standing Plaintiff's claim relating to Harris review of her credit in May 2009. On January 20, 2010, Plaintiff filed her Second Amended Complaint, in which she asserted new claims based on the alleged inaccuracies that had existed in her credit report and also re-plead Count II from her First Amended Complaint pertaining to the May 2009 review of her credit. Harris filed its motion to dismiss the Second Amended Complaint on March 15, 2010 and on May 21, 2010, this Court again dismissed all of Plaintiff's claims pertaining to the alleged inaccuracies in her credit report (this time with prejudice). Further, this Court once again only left standing Plaintiff's single FCRA claim based on Harris' May 2009 review, which now exists as the lone pending claim in this case.

On the eve of this Court's ruling on Harris' third motion to dismiss and nearly a year-and-a-half after the case was brought, Plaintiff suddenly decided to issue a deposition subpoena to TransUnion to testify at a deposition at her counsel's office ("*Subpoena*"). Harris objected to the Subpoena for its failure to provide proper notice pursuant to Rule 30(b) of the Federal Rules of Civil Procedure ("*Fed. R. Civ. P.*" or "*Rule*"), among other things, and filed a Motion to Quash. The Motion to Quash is currently pending before the Court.

## ARGUMENT

### A. Plaintiff's Motion Must be Denied Because the Deposition Is Not Relevant to Plaintiff's Remaining Claim As Required by Fed. R. Civ. P. 26

As stated above, Plaintiff's only claim remaining is her FCRA claim based on 15 U.S.C. § 1681b, which is alleged in Count II of her Second Amended Complaint. Nevertheless, in violation of Rule 26, Plaintiff's Motion attempts to seek an order granting leave to depose a

TransUnion employee regarding issues that are relevant only to claims that have already been dismissed. Rule 26(b)(1), which sets forth the parties' scope and limits of discovery, states:

> Unless otherwise limited by court order, the scope of discovery is as follows: **Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim** or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . . Fed. R. Civ. P. 26(b)(1) (emphasis added).

As Rule 26 provides, parties may only obtain discovery if it is relevant to their claims and if it is reasonably calculated to lead to the discovery of admissible evidence. This Court has dismissed all of Plaintiff's claims except for a single Count that is based on alleged actions occurring after the filing of the initial Complaint: whether Harris had written consent from Plaintiff or had a permissible purpose for reviewing her credit report in May 2009.

Although Plaintiff has failed to provide any proper deposition notice identifying the particular topics she would seek to address during the deposition of a TransUnion representative, it is apparent from the Motion, Plaintiff counsel's statements in open court, and from its Rule 26 disclosures, that Plaintiff seeks to obtain information that relates solely to her previously dismissed claims. In support of her Motion, Plaintiff states, "The deposition of one Trans Union [sic] representative will relate to the underlying facts of the double reporting of the Villa Park Bank and Harris Loans." Motion, p. 5. This issue is precisely at the center of Plaintiff's already dismissed claims and is not relevant to the single remaining claim that this Court has not yet dismissed. Rule 26 does not permit discovery that is relevant only to claims that have been dismissed as Plaintiff is attempting here. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352

(1978) (citing Rule 26 and stating "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken").  In this instance, Plaintiff does not (and cannot) even attempt in her Motion to connect this deposition request to the claim still pending in this case.

Plaintiff's intent to disregard this Court's ruling and proceed with discovery as if her claims relating to credit furnishing had not been adjudicated is made apparent by her Rule 26(a)(1) initial disclosures in which she identifies *thirteen* different TransUnion individuals as "persons likely to have discoverable information" in this case.[2]  In fact, no TransUnion employee has information relevant to the remaining claim in his case.  As noted, the parties do not dispute whether Harris reviewed Plaintiff's credit in May 2009.  The parties merely dispute whether Harris had Plaintiff's written permission or a permissible purpose to review her credit information, an issue to which only Harris can testify.  Because only Harris, and not TransUnion, can testify to its purpose for reviewing Plaintiff's credit information, Plaintiff's Motion for Leave to Take Deposition must be denied.

### B. Plaintiff's Motion Should be Denied For The Additional Reasons Set Forth In Harris' Motion to Quash Currently Pending Before This Court

Finally, to the extent Plaintiff's instant Motion is based on its previous attempt to subpoena TransUnion, Plaintiff's Motion should also be denied for the reasons set forth in Harris' Motion to Quash currently pending before this Court.  Harris filed a Motion to Quash Plaintiff's Subpoena to TransUnion because, among other things, the Subpoena failed to identify the deponent or the matters about which that designated deponent needs to be the "most knowledgeable," as required by Rule 30(b).

---

[2]  A copy of Plaintiff's Rule 26(a)(1) Disclosures are attached to this Motion as Exhibit 2.

## CONCLUSION

WHEREFORE, Defendant Harris N.A. requests that this Court deny Plaintiff's Motion for Leave to Take Deposition, and order such further and additional relief as this Court deems just and appropriate.

          Respectfully submitted,

          HARRIS N.A.

          By     /s/  *S. Todd Sipe*
                      One of Its Attorneys

Dianne E. Rist
S. Todd Sipe
Gina M. Lavarda
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
(312) 845-3000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2010, a copy of the foregoing Harris N.A's Response To Plaintiff's Motion for Leave to Take Deposition was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system.

Mark D. Belongia
Sulejman F. Dizdarevic
Michael D. McCormick
Belongia, Shapiro & Hynes LLP
20 South Clark Street, Suite 300
Chicago, Illinois 60603

/s/ *S. Todd Sipe*
S. Todd Sipe