# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7367 | **DATE** | 7/8/2010 |
| **CASE TITLE** | Aleshire vs. Harris, N.A. | | |

**DOCKET ENTRY TEXT**

The Court grants Defendant's motion to quash Plaintiff's subpoena to Trans Union [74] and denies Plaintiff's motion for leave to take the deposition of a Trans Union representative [79].

■[ For further details see text below.]                                                            Notices mailed by Judicial staff.

## STATEMENT

After two amended complaints and two motions to dismiss, the only remaining claim in this lawsuit is Plaintiff Suzanne Aleshire's Fair Credit Reporting Act ("FCRA") claim pursuant to 15 U.S.C. § 1681b against Defendant Harris, N.A. based on Harris' review of Aleshire's credit report in 2009. Prior to the Court's May 21, 2010 order granting in part and denying in part Harris' last motion to dismiss, Aleshire issued a deposition subpoena to the credit reporting agency ("CRA") Trans Union, LLC after which Harris moved to quash the subpoena. Furthermore, on June 16, 2010, Aleshire brought the present motion for leave to take the deposition testimony of a Trans Union representative. For the following reasons, the Court, in its discretion, grants Harris' motion to quash the deposition subpoena and denies Plaintiffs' motion for leave to take the Trans Union deposition.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

On October 27, 2009, the Court granted in part and denied in part Harris' motion to dismiss Aleshire's First Amended Complaint. The Court specifically dismissed Aleshire's FCRA claim based on her allegations that Harris failed to accurately report her credit information to national CRAs and failed to report the consequent dispute regarding her credit information. *See* 15 U.S.C. § 1681s-2(b). The Court based its decision to dismiss Aleshire's Section 1681s-2(b) claim on Aleshire's failure to bring this claim within the two-year statute of limitations, and in the alternative, that Aleshire had failed to sufficiently allege that Harris' obligations under 1681s-2(b) were triggered by a credit reporting agency notifying Harris of the inaccurate information. *See Rollins v. Peoples Gas Light & Coke Co.,* 379 F.Supp.2d 964, 967 (N.D. Ill. 2005) (furnisher of information "accountable under § 1681s-2(b) only if [it] continues to supply inaccurate data to credit reporting agencies after proper notification by the CRA."). The Court dismissed Aleshire's Section 1681s-2(b) without prejudice.

As discussed above, after the Court granted in part and denied in part Harris' motion to dismiss Aleshire's Second Amended Complaint, the only remaining claim in this lawsuit is based on Aleshire's allegations that Harris violated the FCRA for reviewing her credit report in 2009 without a permissible purpose, especially because she did not provide written consent for Harris to do so. *See* 15 U.S.C. § 1681b. To clarify, under Section 1681b, the release of consumer credit reports is prohibited unless the release occurs for one of the permissible purposes set forth in Section 1681b(a). *See Cole v. U.S. Capital,* 389 F.3d 719, 725 (7th Cir. 2004). Thus, at issue in this lawsuit is whether Harris had Aleshire's written consent or another permissible purpose for reviewing her credit report in May 2009.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." In the context of motions to compel, the Seventh Circuit instructs that a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996). District courts have broad discretion in resolving discovery disputes. *See Peals v. Terre Haute Police Dep't,* 535 F.2d 621, 629 (7th Cir. 2008); *Reynolds v. Jamison,* 488 F.3d 756, 761 (7th Cir. 2007).

## ANALYSIS

In her motion for leave to take the Trans Union deposition, Aleshire explains that the deposition of the "Trans Union representative will relate to the underlying facts of the double reporting of the Villa Park Bank and Harris loans." (R. 79-13, Pl.'s Brief, at 5.) In short, Aleshire is seeking discovery for her FCRA claim pursuant to 15 U.S.C. § 1681s-2(b) that the Court dismissed on October 27, 2009. Aleshire, however, argues that the Court dismissed this FCRA claim without prejudice and that she was required to file her Second Amended Complaint before her counsel was able to schedule the Trans Union deposition at which counsel would obtain facts relating to her dismissed FCRA claim.

The Trans Union representative's deposition testimony, alone, would not have saved Aleshire's Section 1681s-2(b) claim either before she filed her Second Amended Complaint or now. To clarify, the Court dismissed Aleshire's Section 1681s-2(b) claim for two, alternative reasons: (1) the relevant statute of limitations had run and Aleshire had failed to sufficiently allege that equitable tolling applied; and (2) Aleshire failed to allege that a CRA had contacted Harris triggering Harris' responsibility under Section 1681s-2(b). To allege that equitable

tolling applied under the circumstances, Aleshire was required to allege that Harris took active steps to prevent her from suing.  *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 676 (7th Cir. 2009). *In re Copper Antitrust Litig.*, 436 F.3d 782, 790-91 (7th Cir. 2006).  Aleshire failed to allege any such facts in her First Amended Complaint, and thus the Court dismissed her claim without prejudice so that Aleshire could re-allege facts comprising her equitable tolling claim that would satisfy the notice pleading standards.  *See* Fed.R.Civ.P. 8(a)(2).

Meanwhile, the facts of whether Harris actively took steps to prevent Aleshire from bringing her Section 1681s-2(b) claim is knowledge and information in either Aleshire's or Harris' control – not Trans Union's.  Therefore, whether Aleshire had the opportunity to take the deposition of a Trans Union employee does not save Aleshire's Section 1681s-2(b) claim that the Court dismissed as barred by the statute of limitations.  In short, Aleshire had two hurdles to overcome in re-alleging her Section 1681s-2(b) claim in her Second Amended Complaint and the Trans Union deposition would not have overcome one of them – Harris' statute of limitations defense.

Accordingly, the deposition testimony of a Trans Union representative is not relevant to Aleshire's Section 1681s-2(b) claim that the Court dismissed as barred by the statute of limitations on October 27, 2009. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) ("it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken").  Moreover, the deposition testimony is not relevant to Aleshire's remaining FCRA claim involving the issue of whether Harris had Aleshire's written consent or had another permissible purpose for reviewing her credit report in May 2009.