**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | ) | |
|---|---|---|
| SUZANNE ALESHIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 7367 |
| | ) | |
| HARRIS, N.A., | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Harris N.A. moves for summary judgment on Count II of plaintiff Suzanne Aleshire's Second Amended Complaint, the only remaining claim. Aleshire claims that the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*. prohibited Harris from obtaining Aleshire's credit report in May 2009. Harris asserts that it is entitled to judgment as a matter of law on this issue for three independent reasons: (1) Aleshire provided Harris with written authorization in her home equity line of credit agreement to obtain Aleshire's credit report; (2) Harris had a permissible purpose under the FCRA to review her credit; and (3) even if Harris had neither written permission or a proper purpose under the FCRA, there is no evidence in the record to show that Harris' violation was willful. For the reasons stated herein, the motion is granted.

**Legal Standard**

Summary judgment is appropriate if the evidence in the record demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must construe the evidence in the light most favorable to the nonmoving party. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005). The plaintiff here bears the

burden of proof and therefore may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact. *Ruffin-Thompkins v. Experian Info. Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005). Local Rule 56.1 provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, the court shall deem those facts admitted for purposes of the motion. N.D. ILL. L.R. 56.1(b). Courts in this district have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission. *See, e.g.,Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Aleshire did not respond to Harris' motion for summary judgment, and thus, the facts set forth in Harris' Rule 56.1 Statement of Undisputed Material Facts will be deemed admitted.

**Background**

Suzanne Aleshire obtained a $400,000 home equity line of credit on September 21, 2004, from Villa Park Trust & Savings Bank that was secured by real property located at 402 Willow Road, Winnetka, Illinois. The line of credit was set to mature on September 21, 2009. Pursuant to the terms of the line of credit agreement, the lender had the option to extend the maturity date. The line of credit agreement also contained a provision that authorized the lender to obtain a copy of Aleshire's credit report "at any time." Specifically, the agreement states under the section titled "Annual Review": "You agree that you will provide us with a current financial statement, a new application, or both, annually, on forms provided by us… You also agree we may obtain credit reports on you at any time, at our sole option and expense, for any reason, including but not limited to determining whether there has been an adverse change in your financial condition."

Harris obtained Aleshire's credit report from TransUnion in May 2009. Harris obtained the credit report to determine the options available to Aleshire for a renewal or an extension of her line of credit that was set to mature in 120 days. Prior to obtaining Aleshire's credit report in May 2009, Harris certified to TransUnion that the consumer credit reports that it provided to Harris would be

used only for purposes permitted by the FCRA. Harris notified Aleshire by letter that it had obtained her credit report from TransUnion in connection with its review of her line of credit.

**Discussion**

Under the FCRA, a creditor may access a consumer's credit report in accordance with the consumer's written instructions or for certain permissible purposes, including to use the information in connection with a credit transaction involving the consumer such as the extension of credit to, or review or collection of an account of, the consumer. 15 U.S.C. §§1681b(a)(2), (a)(3)(A). The FCRA also requires that the user of the consumer's credit report certify to the consumer reporting agency that its purpose for obtaining the credit report is permissible. *See* 15 U.S.C. §1681b(f). Even where a creditor has obtained a consumer credit report in contravention of the FCRA, the statute only imposes liability where the plaintiff affirmatively demonstrates that such violation was willful or negligent. *See* 15 U.S.C. §§1681n, 1681o. The FCRA provides statutory damages for willful noncompliance, but negligent noncompliance requires a showing of actual damages as a result of the negligence. *See Ruffin-Thompkins*, 422 F.3d at 610.

Here, the undisputed facts show that Aleshire provided written authorization for Harris to obtain her credit report at any time when she entered into the line of credit agreement. Harris has also shown that it obtained Aleshire's credit report in connection with a review of her line of credit and whether to renew or extend the agreement that was set to mature in 120 days, which is a permissible purpose under the FCRA. Additionally, Aleshire has not presented any evidence and thus there is no evidence in the record to show that Harris did not comply with the FCRA either willfully or negligently. Therefore, this Court finds that Harris is entitled to judgment as a matter of law.

**Conclusion**

Based on the foregoing, Harris' motion for summary judgment [140] is granted. Summary judgment is entered in favor of Harris. Civil case terminated.

IT IS SO ORDERED.

Date:   March 1, 2012

Entered: _____
Sharon Johnson Coleman